**Littler**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___3/4/2026___

March 3, 2026

Plaintiff is directed to respond Defendants request for a pre-motion conference on or before March 13, 2026.
Dated: March 4, 2026
    White Plains, NY

**VIA FACSIMILE (914) 390-4179**
Honorable Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

Re:    *Diane Oteri Harkins v. Northwell Health, Inc., et al.*
       Case No. 7:25-cv-03794 (NSR)

Dear Judge Román:

We represent Defendants Northwell Health, Inc. ("Northwell"), Cristine Balamaci ("Balamaci"), and Maureen Pode ("Pode") (collectively, "Defendants") in the above-referenced action. We write pursuant to the Court's Individual Practice Rules to request a pre-motion conference regarding Defendants' anticipated motion to strike Plaintiff's Amended Complaint (the "Amended Complaint" or "Am. Compl.") pursuant to Federal Rule of Civil Procedure ("FRCP") 15 and anticipated motion to amend the case caption to remove the individually named defendants, Pode and Balamaci.

On May 7, 2025, Plaintiff filed her original Complaint against Defendants. *See* Dkt. No. 1. Defendant Northwell was served with a copy of the Complaint on July 1, 2025, and proof of service was filed on July 7, 2025. *See* Dkt. No. 10.  On August 28, 2025, Defendant Northwell filed its Answer to the Complaint. *See* Dkt. No. 16.  At no point did Plaintiff serve a copy of the Complaint on either Defendant Balamaci or Defendant Pode, and pursuant to FRCP 4(m), the action was not properly commenced against either individually named Defendant, so neither needed to proceed with filing an Answer. Because no action has been properly commenced against either Pode or Balamaci, Defendants seek leave to file a motion to amend the case caption to remove references to these individuals. A caption may of course be amended with the permission of the court. *See* Fed.R.Civ.P. 15. "[C]ourts generally will allow an amendment under Rule 15 to correct technical defects in the caption." 5 C. Wright & A. Miller, Federal Practice & Procedure § 1321, at 461 (1969). Because neither Pode nor Balamaci were properly served, both should be dismissed from the action, and Defendants should be granted leave to move to amend the case caption. *See United States v. Campbell*, No. 15-CV-6315-FPG, 2018 WL 4600234, at *6 (W.D.N.Y. Sept. 25, 2018) (granting plaintiff's motion to amend the case caption to remove XYZ Corporation where no entity had been served at the subject premises).

*(margin) MEMO ENDORSED*

March 3, 2026
Page 2

And despite the fact that Defendant Northwell filed its Answer nearly six months ago, Plaintiff now seeks to amend her Complaint to include an additional allegation for hostile work environment under the New York State Human Rights Law. *See* Dkt. No. 29. However, such attempt at amending the Complaint is procedurally improper and should be stricken as such. Generally, under FRCP 15(a)(1), a party may amend its pleading once as a matter of course no later than 21 days after serving the complaint, or 21 days after service of the answer. Plaintiff did not file her Amended Complaint until February 20, 2026, well beyond the 21-day limit to do so following Defendant Northwell's submission of its Answer on August 28, 2025. Ordinarily, when a plaintiff fails to file her amended complaint within the allotted timeframe under FRCP 15(a)(1), the plaintiff is otherwise obligated to comply with FRCP 15(a)(2), which provides that a party may only amend its pleading after this 21-day period with a defendant's written consent or the Court's leave. *See Diez v. Washington Mut. Bank*, No. 09-CV-2390 JS WDW, 2011 WL 4434064, at *2 (E.D.N.Y. Sept. 21, 2011).  Here, the Court issued a civil case discovery plan and scheduling order that set Plaintiff's deadline to amend her Complaint as February 22, 2026. *See* Dkt. No. 23. Under FRCP 16(b)(3)(A), the Court is free to set scheduling orders limiting the time to make amendments under FRCP 15(a). *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339–40 (2d Cir. 2000). By limiting the time for amendments, Rule 16(b) is designed "to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed." *Id.* However, while Rule 16(b) is designed to impact the *timing* of amending a complaint in an action, it does not alter the *procedural* requirements to do so under Rule 15(a). *See, e.g., Miceli v. JetBlue Airways Corp.*, 914 F.3d 73, 86 (1st Cir. 2019) (recognizing that while a scheduling order under Rule 16 impacts timing of the request to amend the complaint, the plaintiff must still file a motion to amend the complaint pursuant to Rule 15); *Grochowski v. Phoenix Construction*, 318 F.3d 80, 86 (2d Cir. 2003) (recognizing the tension between Rule 15 and Rule 16 for purposes of a court's discretion to grant leave to amend, but maintaining requirement that plaintiff seeks leave to amend under either Rule).

Here, while Plaintiff filed her Amended Complaint within the timeframe contemplated by the Court's scheduling order, Plaintiff neither sought Defendants' written consent to file the Amended Complaint nor did Plaintiff make any application to the Court to be granted leave to do so. As such, Plaintiff's Amended Complaint is procedurally improper and should be stricken as such. *See Rilloraza v. Rhodes*, No. 21-CV-3305-PKC-JRC, 2023 WL 7686699, at *2 (E.D.N.Y. Sept. 8, 2023) (plaintiff's amended complaint was rejected for failing to seek leave of Court per Rule 15 of the Federal Rules of Civil Procedure); *Lynn v. McCormick*, No. 17-cv-1183, 2017 WL 6507112, at *7 (S.D.N.Y. Dec. 18, 2017) (denying leave to amend where the plaintiffs did not request such relief).

We thank the Court for its consideration of this request.

Respectfully submitted,

*/s/ Lisa M. Griffith*

cc. Scott William Clark, Esq.

littler.com