

Scott William Clark, Esq.
sclark@saccofillas.com
31-19 Newtown Avenue
Seventh Floor
Astoria, NY 11102

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___3/16/2026___

**MEMO ENDORSED** *(vertical, left margin)*

**VIA ECF**
Honorable Nelson S. Roman
The Hon. Charles L. Brieant J
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

*Re: Oteri Harkins v. Northwell Health Inc. et al -- 7:25-cv-03794-NSR-JCM*

Judge Roman,

We represent Plaintiff Diane Oteri Harkins("Plaintiff") and write in response to Defendants Northwell Health Inc.("Northwell"), Cristine Balamaci ("Balamaci"), and Maureen Pode ("Pode") (collectively referred to herein as "Defendants"), March 3, 2026 pre-motion letter seeking to dismiss the claims against Defendants Balamaci and Pode, and striking Plaintiff's amended complaint for failure to seek leave to amend their complaint.

**Plaintiff's Service Failure**

see pg. 4

If service is not made upon a defendant within 90 days after filing of the complaint, the action shall be dismissed as to that defendant unless good cause for the failure to serve is shown." See Fed. R. Civ. P. 4(m). Under Rule 4(m), the Court must extend the time to serve if the plaintiff has shown good cause, and may extend the time to serve even in the absence of good cause. See Fed.R.Civ.P. 4(m) advisory committee's note (1993 Amendments).

Plaintiff attempted service upon Balamaci and Pode at 2000 Marcus Ave, New Hyde Park, NY 11042, Northwell's corporate location, at the same time it served Northwell, but was rebuffed by Northwell because it does not accept service for individuals. Afterwards, due to a law office error, Plaintiff failed to provide their process server with addresses to serve Balamaci and Pode.[1]

In determining whether a discretionary extension is appropriate in the absence of good cause, a court considers the following four factors: (1) whether any applicable statutes of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether defendant attempted to conceal the defect in service; and (4) whether defendant would be prejudiced by extending plaintiff's time for service. See *DeLuca v. AccessIT Grp.,*

---

[1] Plaintiff failed to serve Balamaci and Pode after the previous attorney working on the matter abruptly left the firm in May of 2025, and I did not begin at the firm until October of 2025, well after the service deadline, as Attorney error does not constitute good cause under Fed. R. Civ. P. 4(m), see *Counter Terrorist Grp. U.S. v. New York Mag.*, 374 F. App'x 233, 234 (2d Cir. 2010), Plaintiff will not waste the court's time and seek to argue Plaintiff had good cause for their failure to timely serve Balamaci and Pode and instead appeal to the discretion of this court to seek an extension of time with which to serve Balamaci and Pode.

*Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010)

First, as far as the Plaintiff knows, no applicable statute of limitations would prevent the action if she had to refile her claims. However, she will need to refile her claims with the EEOC, as federal court jurisdiction depends on violations of the Americans with Disabilities Act, and she must wait the required 180 days before seeking her right-to-sue from the EEOC before filing her complaint against the individual defendants. Additionally, Defendants continue to discriminate against Plaintiff, as they have consistently failed to accommodate her disability to this day. This includes Northwell, which has had a job opening for the exact same position Plaintiff holds—one that permits full-time remote work—the same accommodation she is seeking and Northwell keeps denying.

Second, it is not credible that Balamaci and Pode had no actual notice of the claims asserted in the complaint. There is no question that Northwell was served properly, and it is more than likely that Northwell discussed these claims with Balamaci and Pode to respond to Plaintiff's complaint. Furthermore, Plaintiff has been submitting complaints about Balamaci and Pode to Northwell for almost three years, beginning on August 11, 2023. The idea that Northwell did not discuss the claims with Balamaci and Pode is not credible.

Third, yes, the defendant did attempt to conceal the defect in service. Plaintiff filed the instant complaint on May 7, 2025, meaning that service upon the individually named defendants must have been completed on or before Tuesday, August 5, 2025. Yet, since August 5, 2025, Defendants sought an extension of time to answer the complaint and, on October 5, 2025, answered the complaint. Defendants did not raise the issue until the filing of this instant letter, dated March 3, 2026, in which Plaintiff first became aware of the defect in service. In fact, it took Defendants five months to bring the failure of service to the Plaintiff's or the court's attention, and therefore, the court cannot hold this against Plaintiff, as Defendants made no attempt to raise the service deficiencies. See *Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp. 2d 404, 421 (S.D.N.Y. 2013) ("third factor weighs against Plaintiff, since Defendants have repeatedly raised the service deficiencies since the very outset of this litigation, and Plaintiff *still* has not attempted reasonable efforts to cure them.") Had Defendants brought the deficiencies to the Plaintiff's attention, it would have sought to cure any deficiencies prior to the instant motion.

Finally, the defendant would not be prejudiced by extending the plaintiff's time for service, as discovery has just commenced, and interrogatories and discovery and inspection notices are not due to be served until March 23, 2026, and as of today, no depositions are scheduled or taking place. Furthermore, it is also highly likely that, had Defendants been properly served, the current counsel for Northwell would also be representing Balamaci and Pode; as such, the rights of the individual defendants have not and will not be prejudiced by extending the plaintiff's time to serve them.

Therefore, Plaintiff humbly asks this court to issue an order extending the Plaintiff's time to serve Balamaci and Pode.

## Plaintiff's Amended Complaint

Defendants' motion to strike Plaintiff's amended complaint is frivolous, legally unsustainable, intended to harass, cause delay, and needlessly increase Plaintiff's costs.

First, Defendant's motion completely ignores that the Plaintiff played no role in the five-month gap between the Defendant's answer and this court's scheduling of a preliminary conference. The scheduling delay should not be attributed to the Plaintiff, as it was caused by this district's automatic referral to mediation. This court ordered the parties to engage in mediation on September 2, 2025, and they did so on January 14, 2026, thereafter the court promptly scheduled a preliminary conference after the parties failed to reach an agreement at mediation.

The cases Defendants cite for the premise that Plaintiff's complaint must be stricken for their failure to seek leave to amend a complaint amended within the parameters of a scheduling order do not back up Defendants' own arguments. For example, Defendants cite *Miceli v. JetBlue Airways Corp.*, 914 F.3d 73, 86 (1st Cir. 2019) for the premise that Plaintiffs must still file a motion to amend their complaint. The case does not stand for that at all. It stands for the exact opposite. Specifically, the court spoke about the interaction with Fed. R. Civ. P. 15(a) and Fed. R. Civ. P. 16(b) and explained: "The standard may change, though, when—as in this case—the court has entered a scheduling order under Federal Rule of Civil Procedure 16(b), which contains, inter alia, a deadline for amendment of the pleadings." *Miceli* 914 F.3d at 86.

Furthermore, the Plaintiff in *Miceli* attempted to file a motion to amend the complaint "five months after the Rule 16(b) deadline to amend had expired," not within the parameters set by the scheduling order. (Id.)

The same can be said for Defendants' reliance on *Grochowski v. Phoenix Construction*, 318 F.3d 80, 86 (2d Cir. 2003). This case also did not involve a party seeking to amend the complaint within the parameters set by the scheduling order, as Plaintiff's in *Grochowski* sought to amend his complaint almost two years AFTER the scheduling order, not within its parameters. Additionally, the motion to amend was filed after "discovery had been completed and a summary judgment motion was pending," and thus it was denied. (Id.)

Defendants cite two further cases for their reliance that Plaintiff must seek leave to amend an amended complaint filed within the parameters of the scheduling order.  Both are incorrect.

While it is true that the court in *Rilloraza v. Rhodes*, No. 21-CV-3305-PKC-JRC, 2023 WL 7686699,  (E.D.N.Y. Sept. 8, 2023), rejected Plaintiff's amended complaint for failing to seek leave to amend, it was not rejected because the Plaintiff needed to seek leave of the court to file an amended complaint within the parameters set by the scheduling order, it was done pursuant to Rule Fed. R. Civ. P. 15(a) as a scheduling order was never issued because Defendants never answered the complaint.

The last case Defendants incorrectly rely on to support their premise that Plaintiff must seek leave to file an amended complaint filed within the parameters of the scheduling order is *Lynn v. McCormick*, No. 17-cv-1183, 2017 WL 6507112 (E.D.N.Y. December 18, 2017). Once again, this case did not involve a party seeking to amend the complaint within the parameters of a scheduling order, as the Plaintiff in *Lynn* sought to amend their complaint a second time in response to Defendants' pre-motion letter to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6). Furthermore, the court only rejected Plaintiff's amendments in *Lynn* because the court found that the

Plaintiff never sought a second amendment to the complaint or otherwise suggested they are in possession of facts that would cure the deficiencies identified in this opinion, *Lynn*, 2017 WL 6507112, at *7.

Defendants have not been able to find a single case standing for the proposition that a Plaintiff must seek leave to file an amended complaint, timely filed within the parameters set by the scheduling order; as such, Plaintiff humbly asks the court to deny this part of the Defendants' pre-motion letter.

Thank you for your time and consideration of this matter.

Dated: March 12, 2026                    SACCO & FILLAS, LLP
      Astoria, New York

*Scott William Clark*
_____
Scott William Clark Esq.
3119 Newtown Ave
Astoria, New York 11102
Tel: 718- 269-1627
sclark@SaccoFillas.com

The Court is in receipt of Defendants' March 3, 2026 letter and Plaintiff's March 12, 2026 response.

With respect to service, Plaintiff acknowledges that Defendants Balamaci and Pode were not timely served under Rule 4(m) but requests a discretionary extension. Given the early stage of the case and the absence of demonstrated prejudice, Plaintiff is granted an extension of time to effect service on these defendants. Plaintiff shall serve Balamaci and Pode no later than April 10, 2026. Failure to do so may result in dismissal of the claims against them without prejudice.

With respect to the Amended Complaint, although Plaintiff did not formally seek leave to amend under Rule 15(a)(2), the amendment was filed within the deadline set by the Court's scheduling order. In the interest of resolving the claims on the merits, the Court construes the filing as a request for leave to amend, which is GRANTED. The Amended Complaint shall remain the operative pleading. The Clerk of Court is directed to terminate the motion at ECF No. 30.

Dated: White Plains, New York
March 16, 2026

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

FIRM:67007686v1