UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

DIANE OTERI HARKINS,

Plaintiff,

-against-

NORTHWELL HEALTH INC., CRISTINE
BALAMACI, and MAUREEN PODE,

Defendants.
-------------------------------------------------------------------X

**ORDER**

25 Civ. 3794 (NSR)(JCM)

On May 7, 2026, Plaintiff Diane Oteri Harkins ("Plaintiff") commenced the instant action

in the Southern District of New York against Defendants Northwell Health Inc. ("Northwell"),

Cristine Balamaci, and Maureen Pode (collectively, "Defendants"), alleging violations of the

Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, and the New York State

Human Rights Law. (Docket No. 1). At a status conference on April 29, 2026, Defendants

informed the Court that venue was improper in the Southern District of New York ("Southern

District") because the underlying action occurred while Plaintiff was working in Queens County,

which is within the Eastern District of New York ("Eastern District"). (*See* Minute Entry for

Apr. 29, 2026). The Court directed Plaintiff to explain why venue was proper here. On May 29,

2026, Plaintiff filed a letter stating that venue in the Southern District is not proper, and that

filing this case here was a "mistake." (Docket No. 42). Plaintiff consented to transferring this

case to the Eastern District. (*Id.*).

Venue is governed by 28 U.S.C. § 1391, which establishes that "venue can be laid 'in

either (1) the district of the defendant's residence; (2) the district where a substantial part of the

events giving rise to the claim occurred; or (3) if neither of those can be applied, any district

where a defendant is subject to personal jurisdiction.'" *Ne. Landscape & Masonry Assocs., Inc. v. State of Conn. Dep't of Lab.*, No. 14-CV-9104 (KMK), 2015 WL 8492755, at *2 (S.D.N.Y. Dec. 10, 2015) (quoting *Cooney v. Barry Sch. of L.*, 994 F. Supp. 2d 268, 271 (E.D.N.Y. 2014)). When the defendant is an entity, such as Northwell, it is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). "In New York, there are two ways to establish personal jurisdiction over a defendant: (1) 'general jurisdiction' under N.Y. C.P.L.R. § 301; and (2) 'specific jurisdiction' under N.Y. C.P.L.R. § 302." *Chatwal Hotels & Resorts LLC v. Dollywood Co.*, 90 F. Supp. 3d 97, 103 (S.D.N.Y. 2015). General jurisdiction exists when the defendant is domiciled in New York or has "engaged in such a continuous and systematic course of 'doing business' here as to warrant a finding of its 'presence' in this jurisdiction." *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990) (citations omitted). Specific jurisdiction exists under N.Y. C.P.L.R. § 302(a) when a party:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or

2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
   (i)    regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
   (ii)   expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

4. owns, uses or possesses any real property situated within the state.

- 2 -

"When venue is improper, the Court 'shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" *Fedele v. Harris*, 18 F. Supp. 3d 309, 319 (E.D.N.Y. 2014) (quoting 28 U.S.C. § 1406(a)). Moreover, "[e]ven where venue may be proper, a district court may transfer claims '[f]or the convenience of the parties and witnesses, in the interest of justice.'" *Ybarra v. Jones*, 25-CV-7746 (LTS), 2025 WL 2939309, at *1 (S.D.N.Y. Sept. 25, 2025) (quoting 28 U.S.C. § 1404(a)). The Court may order a transfer of venue based on a party's motion or *sua sponte. See Cento Pearl v. Arts & Craft Supply Inc.*, No. 03 Civ. 2424 (LAK), 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003) ("The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established."); *Tillman v. Vargas*, 21-CV-7029 (LTS), 2021 WL 4777974, at *1 (S.D.N.Y. Sept. 10, 2021) ("courts may transfer cases on their own initiative").

Here, the parties have represented to the Court that transfer to the Eastern District would be appropriate. (*See* Docket No. 42; Minute Entry for Apr. 29, 2026). The Court agrees. Northwell is located in the Eastern District, and that is where Plaintiff alleges the events underlying this litigation occurred. (Docket No. 1 ¶¶ 1, 12). Therefore, the Eastern District is the appropriate venue for this litigation.

Accordingly, the Court hereby transfers this case to the Eastern District of New York. The Clerk of Court is respectfully directed to remove this case from this Court's docket and transfer it to the United States District Court for the Eastern District of New York.

Dated:    June 5, 2026
          White Plains, New York

SO ORDERED:

JUDITH C. McCARTHY
United States Magistrate Judge

- 3 -